## Rugh v. Security of America Life Insurance Company

*Richard N. McKee*, for plaintiff.

*Robert E. Jamison*, for defendant.

HENDERSON, P. J., January 7, 1972.—The matter presently before the court is a determination of defendant's preliminary objections to a complaint filed by plaintiffs herein.

This is an action in contract whereby plaintiffs claim certain commissions due as the result of a particular business transaction entered into between defendant and Ellwood City Federal Savings and Loan Association (herein referred to as Ellwood Federal).

Defendant's preliminary objections fall into two categories, the first being that the complaint does not comply with Pennsylvania Rule of Civil Procedure 1019 (h).

Rule 1019 concerns itself with the contents of pleadings and general and specific averments. Subparagraph (h) reads as follows:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason and to set forth the substance of the writing."

The critical paragraph of the complaint to which this objection refers reads as follows:

Subparagraph 5. "Between October 7, 1968, and October 30, 1968, negotiations were conducted between Rugh, Sr. and Eugene D. Evangelist, Niles C. Meacham and David B. Regar of defendant corporation via personal conferences in New Castle, telephone conferences and by letters which culminated in a contract between the parties on or about October 30, 1968."

Does paragraph 5 of plaintiffs' complaint comply with Pa. R.C.P. 1019 (h)?

An interpretation of paragraph 5 of the complaint does not indicate that a written contract is alleged. As we read the allegation, certain negotiations were carried on by personal conferences, telephone conferences and correspondence, over a period of approximately three weeks, as a result of which a contract was agreed upon. Rule 1019(h) concerns itself with written contracts and not with the negotiations leading thereto.

In the commentary under Rule 1019 (h) in Volume 1 Goodrich-Amram, we find the general rule stated as follows:

"Plaintiff is not required to make any allegation whether his contract is oral or written. If he says

nothing, it is automatically an averment that the contract is not written. It is only if the claim 'is based upon a writing' that any duty is placed upon the plaintiff to make an affirmative statement." Cases cited. See also Higgins Industries, Inc. v. Bastian, 7 D. & C. 2d 93 (1956) and Lohbrandt, Exec. v. Smiley, 37 D. & C. 2d 459 (1965).

In Brockman v. Suburban Realty Co., 38 Northampton Co. Rep. 192 (1968) the court declared letters to be evidentiary in nature and not the basis for plaintiff's action. The court further stated that such writings need not be attached to the complaint.

We hold under the allegations of this complaint that it alleges an oral contract and that any correspondence involved in the negotiating of the contract is evidentiary in nature, is not the basis of the cause of action and need not be attached to the complaint itself.

Defendant may be able to obtain copies of such correspondence through the normal discovery procedures.

The second basis for defendant's preliminary objections is in the nature of a demurrer. Defendant takes the position that the complaint does not state a cause of action in that, as defendant reads the complaint, there is no allegation to the effect that defendant was prohibited from directly soliciting business from the Ellwood Federal.

It appears that defendant misreads the complaint. Paragraphs 6 and 9 of the complaint set forth an allegation that plaintiffs were the "exclusive agent" of defendant to negotiate a contract with Ellwood Federal. Whether a complaint of that type is or is not sufficient to prohibit the principal from dealing with the client, we find a specific allegation in paragraph 13 of the complaint on this point. Therein it is alleged that defendant negotiated with Ellwood Federal contrary to the terms of its agreement with plaintiffs and that

such action was in violation and breach of those terms. We read this as a specific allegation that the contract itself prohibited defendant from negotiating directly with Ellwood Federal.

Faced with such a specific allegation in the contract terminology, we cannot hold that plaintiffs have failed to set forth a cause of action.

Therefore, the preliminary objections filed by defendant herein shall each be overruled.

## ORDER OF COURT

Now, January 7, 1972, it is hereby ordered, adjudged and decreed that defendant's preliminary objections are each overruled and dismissed. Defendant is given 20 days from the date hereof within which to file a responsive pleading.